SMITH v. SHELLEY, CLERK.

[Cite as Smith v. Shelley, 13 Ohio Misc. 185.]

(No. 226838—Decided September 20, 1966.)

Court of Common Pleas of Franklin County.

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr. Robert Albright*, for plaintiffs.
*Mr. Roy E. Metz*, for defendant.

MEYER, J. (of the Hocking County Common Pleas Court sitting by assignment in Franklin County). This is an action for an injunction to prevent the annexation of approximately 703 acres in Blendon Township, Franklin County, Ohio, to the city of Westerville.

It is stipulated that within the entire boundary lines of the proposed annexation there are twenty-three resident freeholders of which fourteen reside in islands, the boundaries of whose real estate are partially within the bound-

ary line of the island and partially outside the boundary line of the island but within the boundary line of the proposed annexation; the portions of the real estate of the parties lying outside the boundary line of the islands but within the boundary line of the proposed annexation being subject to an easement for highway purposes.

The evidence shows that there are nine resident freeholders whose entire fee is within the proposed annexation, eight of whom signed the petition for annexation.

The "islanders" in this case own land which extends to the middle of the road along which they live, with thirty feet of their land being subject to an easement for highway purposes.

Does the fact that a part of the lands of the "islanders" lying within the boundary of the proposed annexation, all of which is subject to an easement for highway purposes, bring them into the category of "adult resident freeholders" within the meaning of Section 709.02, Revised Code?

Research by counsel for the defendant and much research by the court has failed to reveal any authority or decisions upon the question.

What was the legislative intent of the use of the words "adult freeholders residing in such territory"?

Must it be confined to the actual house or residence or does it include the residence and the land upon which the residence is located?

Section 709.02, Revised Code, reads:

"The inhabitants *residing on territory* adjacent to a corporation may at their option * * *. Application for such annexation shall be by petition addressed to the Board of County Commissioners of the county in which the territory is located signed by a majority of the *adult freeholders residing in such territory* * * *."

Reside means "to settle oneself or a thing in a place; to dwell permanently or continuously."

Resident is defined as "dwelling or having an abode for a continuous length of time residing as on one's own estate." Webster's New International Dictionary.

Home owners do not merely live or reside in the dwelling house, especially where there is a house and lot.

The residence is usually construed as both. The homestead of a debtor is construed as the house and lot with special procedure provided by statute to govern division of the premises where conditions so warrant.

The court finds that the ''islanders'' were interested freeholders residing in the territory within the meaning of Section 709.02, Revised Code, and that by reason thereof the application or petition was not signed by a majority of the adult freeholders.

Plaintiffs contend that defendant herein is attempting a ''gerrymander'' and that the proposed annexation is ''not right, just or equitable.'' This claim must be denied upon the unanimous reasoning of the Supreme Court in *Dabkowski* v. *Bauman*, 175 Ohio St. 89, at page 97, under the fourth ground of error asserted in that case which reasoning is carried into the third paragraph of the syllabus.

The court agrees with plaintiffs' contention as stated in their brief that ''basically, their objections were that they would be completely surrounded by the city of Westerville; that the territory sought to be annexed was irregular, and illogically and improperly excluded from the territory to be annexed,'' but in view of the fact that these objectors no doubt had an opportunity to file an application for annexation which would include them and that they chose not to, together with wide discretion allowed by the commissioners as stated in the *Dabkowski case*, the court cannot as a matter of law say that the commissioners abused their discretion in allowing the annexation.

The injunction issued herein is to be made permanent, the defendant to pay the costs. An entry to be drawn accordingly.

*Injunction granted.*